UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

BRANDON DESHAWN BRADFORD,

                Plaintiff,                  Case No. 2:12-cv-323

v.                                       Honorable Gordon J. Quist

BARAGA MAXIMUM
CORRECTIONAL FACILITY, et al.,

                Defendants.

_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Baraga Maximum Correctional Facility (AMF). The Court will serve the complaint against Defendants Warden Curly, Deputy Warden Ken Trepley, Deputy Warden Shane Place, Inspector Unknown Petaz, Assistant Resident Unit Supervisor Robert Warr, Assistant Deputy Warden T. Dahl, Warden Napel, Deputy Warden Larson, and Inspector Contreras.

**Discussion**

I.      <u>Factual allegations</u>

Plaintiff Brandon DeShawn Bradford filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Baraga Maximum Correctional Facility (AMF), Warden Curly, Deputy Warden Ken Trepley, Deputy Warden Shane Place, Inspector Unknown Petaz, Assistant Resident Unit Supervisor Robert Warr, Assistant Deputy Warden T. Dahl, Warden Napel, Deputy Warden Larson, and Inspector Contreras.

In Plaintiff's complaint, he alleges that he was transferred from AMF to the Marquette Branch Prison (MBP) on March 26, 2012, in an attempt to protect Plaintiff from a known threat on his life.  On Plaintiff's arrival at MBP, he was placed in the general population, despite his repeated requests to be placed in protective custody.  Plaintiff states that Defendants Warden Curly, Deputy Warden Ken Trepley, Deputy Warden Shane Place, Inspector Unknown Petaz, Assistant Resident Unit Supervisor Robert Warr, Assistant Deputy Warden T. Dahl, Warden Napel, Deputy Warden Larson, and Inspector Contreras were all involved in denying his requests for protective custody.  On March 31, 2012, Plaintiff was assaulted by two unknown inmates who were carrying out a hit that had been placed on Plaintiff by a known gang / security threat group.  As a result of this assault, Plaintiff was seriously injured and was hospitalized.

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks damages and equitable relief.

II.      <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

-2-

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

As noted above, Plaintiff names the Baraga Maximum Correctional Facility (AMF) as a defendant in this case. An express requirement of 42 U.S.C. § 1983 is that the defendant be a

"person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978).  AMF is an administrative unit of the Michigan Department of Corrections.  Neither a prison nor a state corrections department is a "person" within the meaning of section 1983.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).  Furthermore, Plaintiff's claim against this Defendant is barred by the Eleventh Amendment.  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978).  That amendment prohibits suits in federal court against the state or any of its agencies or departments.  *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 100 (1984).  A state's Eleventh Amendment immunity is in the nature of a jurisdictional defense and may be raised on the court's own motion.  *Estate of Ritter v. University of Michigan*, 851 F.2d 846, 851 (6th Cir. 1988).  The Supreme Court has squarely held that the Eleventh Amendment bars federal suits against state departments of corrections.  *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam).  AMF is therefore not subject to a section 1983 action.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Baraga Maximum Correctional Facility (AMF) will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Curly, Trepley, Place, Petaz, Warr, Dahl, Napel, Larson, and Contreras.

An Order consistent with this Opinion will be entered.

Dated:  March 22, 2013                                    /s/ Gordon J. Quist
                                                     GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE